KINGSTON BITUMINOUS PRODUCTS COMPANY ET AL., PROSECUTORS, v. BOARD OF COMMISSIONERS OF THE CITY OF TRENTON ET AL., DEFENDANTS.

Argued July 22, 1946—Decided July 29, 1946.

For the prosecutors, *Frank I. Casey* and *Martin P. Devlin, Jr.*

For the defendants, *John A. Brieger, John Henry Reiners, Jr., Peter P. Walsh, Jr.,* and *Eugene T. Urbaniak.*

DONGES, J.   Prosecutors seek a writ of *certiorari* to review the action of the Board of Commissioners of the City of Trenton in rejecting certain bids submitted by the prosecutor Kingston Bituminous Products Company for the paving of certain streets in that city.   Subsequently contracts were awarded to other bidders who are made defendants in this application.   It is claimed the bids were rejected for failure to comply with the requirement of the specifications that a statement be made concerning the asphalt mixing plant facilities available to the bidder.   The specification is designed to require that the bidder shall own or have available for his use an asphalt mixing plant within the limits of the city, and it is the reasonableness of this requirement that is now sought to be attacked.

The Kingston Company secured the rule to show cause why a writ should not issue and subsequently two other persons, as taxpayers, were admitted by order of the court as parties·

prosecutor. Their status as taxpayers is not developed in the testimony nor shown in any part of the record presented to me. As to the Kingston Company it claims a standing as a bidder upon the contracts and it is well settled that the standing of a prosecutor as an unsuccessful bidder rests upon his right to have his bid accepted. *Atlantic Gas and Water Co.* v. *Atlantic City et al.,* 73 *N. J. L.* 360; *Home Coal Co., Inc.,* v. *Board of Education, &c.,* 12 *N. J. Mis. R.* 728. Likewise, it is settled that *certiorari* to review the actions of public officials will not lie in favor of prosecutors who have no personal or property interest to be specially and immediately affected by the action complained of. *Downs* v. *Mayor, &c., of South Amboy,* 116 *N. J. L.* 511; *McGovern* v. *Trenton,* 60 *Id.* 402. An examination of the depositions taken upon the rule to show cause discloses that nowhere is it stated what the amount of the Kingston bid was or that it was, in any of the proposed paving jobs, lower than that of the bidder to whom the contract was awarded. The only bit of evidence upon the subject of relative costs was the following question and answer directed to the president of the Kingston Company, "Now, if you had been awarded these contracts just let by the city, Mr. Gilbert, what proportion of the money expended by the city in the street laying, in your opinion, could you have saved the taxpayers? *A.* About twenty per cent." This is a mere statement of a conclusion or opinion and is not sufficient to establish that either Kingston Company, as unsuccessful bidder, or the other prosecutors, as taxpayers, have suffered any injury by the action complained of, or that the city was in any way disadvantaged.

Further, an examination of the depositions does not persuade me that the reasonableness of the specification is so impugned as to call for the interference by the court, through the discretionary prerogative writ of *certiorari,* in the operation of the city's affairs, in view of the admitted fact that it is necessary, in order to obtain a durable pavement, that the asphalt be laid at a high temperature. In any event there is no showing of injury to the city or to the prosecutors.

The rule to show cause is discharged, with costs.